JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| MARK A. PHELPS,<br><br>Petitioner,<br><br>v.<br><br>WARDEN,<br><br>Respondent. | Case No. CV 21-02285-SB (DFM)<br><br>Order Summarily Dismissing Petition for Lack of Jurisdiction and Administratively Closing Case |

On March 8, 2021, state prisoner Mark A. Phelps ("Petitioner"), proceeding pro se, constructively filed a Petition for Writ of Habeas Corpus by a Person In State Custody. See Dkt. 1. The Petition, however, is a statement of intent to file a habeas petition and a request for equitable tolling due to continued COVID-19 restrictions. See id. For the reasons below, this action is dismissed without prejudice for lack of jurisdiction.

Article III of the Constitution "limits the jurisdiction of the federal courts to live cases and controversies." Kittel v. Thomas, 620 F.3d 949, 951 (9th Cir. 2010) (citations omitted). An actual case or controversy exists when, throughout the litigation, a petitioner continues to have a "personal stake in the outcome" of the lawsuit and suffers some actual injury that is likely to be "redressed by a favorable judicial decision." Spencer v. Kemna, 523 U.S. 1, 7 (1998) (citation omitted).

A federal court lacks jurisdiction to consider the timeliness of a habeas petition unless and until such a petition is actually filed because there otherwise is no case or controversy within the meaning of Article III. See Casaburi v. Warden, No. 13-4705, 2013 WL 3367275, at *1 (C.D. Cal. July 3, 2013) (collecting cases for proposition that federal court does not have jurisdiction to give advisory opinion that statute of limitations will not bar anticipated, but not yet filed, federal habeas petition). The Court is also precluded from giving an advisory opinion as to the statute of limitations. See United States v. Leon, 203 F.3d 162, 163-64 (2d Cir. 2000) (federal court lacks jurisdiction to consider the timeliness of habeas petition until a petition is actually filed). And, as a practical matter, the court "cannot evaluate petitioner's diligence in all time periods—before, during and after the existence of the COVID-19 pandemic—until Petitioner has filed a petition." Fitzgerald v. Shinn, No. 19-5219, 2020 WL 3414700, at *4 (D. Az. June 22, 2020); see also Smith v. Davis, 953 F.3d 582, 598-99 (9th Cir. 2020) (en banc) ("[A] petitioner [needs] to show his diligence continued up through the point of filing his habeas petition in federal court.").

Given the absence of a live case or controversy, the Court has no authority to issue any further orders, apart from dismissing the matter for lack of jurisdiction. See United States Catholic Conference v. Abortion Rights Mobilization, Inc., 487 U.S. 72, 76-77 (1988) (in absence of subject-matter jurisdiction, Article III court had no authority to order compliance with subpoena). The Court emphasizes that the dismissal is without prejudice and that Petitioner may consider filing a "protective petition," i.e., an initial but incomplete petition with the intention of amending later. See Fitzgerald, 2020 WL 3414700, at *5 (directing petitioner to file a "protective petition"). To that end, the Clerk of Court is directed to send to Petitioner the Central District of California's "State Habeas Corpus Packet," which can also be accessed

electronically by visiting https://www.cacd.uscourts.gov/forms/state-habeas-corpus-packet.

    IT IS THEREFORE ORDERED that this action is DISMISSED without prejudice. The Clerk of Court shall administratively close this matter.

Date: March 17, 2021

_____
STANLEY BLUMENFELD, JR.
United States District Judge

Presented by:

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge